Filed 6/8/15  P. v. May-Santamaria CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOSE MARCOS MAY-SANTAMARIA,<br><br>    Defendant and Appellant. | A139961<br><br>(Marin County<br>Super. Ct. No. SCR184035) |

Defendant Jose Marcos May-Santamaria pled "open" to a felony charge of assault with a deadly weapon, knowing that he faced up to seven years in state prison and that "unusual circumstances" would have to be found before he could be placed on probation. After a hearing, the trial court sentenced defendant to five years in state prison.  The only issue in this appeal is whether the trial court fully understood its discretionary power to determine whether this was an "unusual case" for which probation might be granted, within the meaning of California Rule of Court, rule 4.413.  We hold that the court did not, and remand for resentencing.

**BACKGROUND**

We summarize the facts from the probation report, as did the Attorney General, without objection, in her brief on appeal:

"The victim reported that he was at La Selva Restaurant with his friend Jimmy drinking beer until it closed at 1:30 a.m.  The victim was standing near the entrance of the restaurant when the defendant approached him with a baseball bat and hit him in the left

1

side of his body two times. The victim fell to the ground and while on the ground, the defendant hit him on the right side of his head with the bat. After the victim was hit in the head, he lost conscious[ness]. The victim woke up when three of his friends walked him into the emergency room. The victim reported that the defendant was inside the restaurant with two other males. The victim did not know the defendant or have any problems with the defendant. The victim believed that the defendant and two males were gang members as they were all dressed in black. . . .

". . . [T]he victim's friend Jimmy was interviewed by the police. Jimmy reported that he was with the victim and Israel at the restaurant and they had consumed some beers. Soon after, three girls approached their table and asked for a beer. Jimmy gave one of the girls a beer and the girls walked away. At the same time, there was a guy at another table that began to stare and give them attitude. One of the guys stated, 'what are you looking at, you have a problem?' Jimmy told them no and they were just having fun. Jimmy did not know why the suspect continued to bother his friend Israel. A security guard intervened and had Suspect #1 and #2 move to another table. Quickly after, both suspects got up and walked out of the restaurant.

"Approximately twenty minutes later, Suspect #1 and #2 came back into the restaurant, but they were with another male that Jimmy knew as 'Axel Lechuga.' The victim and his friends no longer had problems with the suspects inside the restaurant. The restaurant closed at around 2:00 a.m., so the victim and his friends exited the restaurant. Outside the defendant was standing by a black Nissan Altima. When the defendant saw them, the defendant grabbed a full six [sic] baseball bat from the driver's seat and approached the victim and Jimmy. The defendant stated to them, 'Hey motherfucker, you trying to give me shit?' The victim told the defendant that they were not trying to do anything and that they were not afraid of the defendant. The victim told the defendant, 'Do it if you want.' The defendant came at the victim and hit him in the right side of his ribs. Jimmy tried to go after the defendant but the security guard grabbed Jimmy and pepper sprayed him in the forehead. At this time, the victim's friend Israel exited the restaurant and the defendant got into his vehicle and drove off."

The victim underwent emergency surgery; his spleen was removed in order to stop internal bleeding. A piece of the victim's skull was removed to reduce pressure from the swelling in his head.

On July 25, 2013, defendant was charged in a one count information with committing assault with a deadly weapon (a baseball bat) in violation of Penal Code section 245, subdivision (a)(1)[1], and personally inflicting great bodily injury on the victim in violation of section 12022.7, subdivision (a). The information also alleged that "in the commission of the above offense . . . defendant . . . is ineligible for probation pursuant to Penal Code Section 1203(e)(2), in that . . . defendant used or attempted to use a deadly weapon upon a human being in connection with the perpetration of the crime."

On the same day the information was filed, defendant entered an "open" guilty plea to the information, understanding that there was no agreement as to his sentence and that the maximum sentence that could be imposed was seven years in state prison. The parties stipulated that the preliminary hearing transcript provided a factual basis for the guilty plea. The written plea form that was signed by defendant and made part of the record stated that defendant understood that he "may not be granted probation unless the court finds this to be an unusual case in which the interests of justice would best be served by a grant of probation." The trial court confirmed with defendant on the record at the time he entered his guilty plea that this was "presumptively . . . a state prison case" and stated that "in order to place you on probation unusual circumstances would have to be found by the Court."

The probation department prepared a written report and recommended that the imposition of sentence be suspended and defendant placed on five years supervised probation with conditions that included one year in the county jail. The probation

---

[1] All statutory references are to the Penal Code unless otherwise stated. All references to rules are to the California Rules of Court.

department concluded that this was an "unusual case" under rule 4.413 because defendant had no prior record, was so young and was remorseful.[2]

The district attorney argued for the aggravated state prison sentence of four years, plus a three-year enhancement.

The defendant concurred with the probation department recommendation for probation on account of his youth, the fact that he had no prior criminal record as an adult or a juvenile, that he had only a sixth grade education, and that he worked at a restaurant and had done other work (construction, painting, work in the field in Napa), and sent money home to his mother in Mexico. Defense counsel also contended that defendant was filled with "great regret and remorse."

At the sentencing hearing, the court rejected probation and sentenced defendant to five years in state prison, stating:

"Well, it is unfortunate under the circumstances that Mr. May-Santamaria finds himself in. I am sorry. However, I do not think that unusual circumstances exist in this case. In order for me to grant probation in this case, I would have to find unusual circumstances. The Probation Department suggests that I should consider the fact that the defendant is young. You said 20, [defense counsel]. I think the [probation] report says 21. In any event, some could consider that to be young. My concern is maybe young, but awful strong, and the Probation Department wants me to consider the fact that the defendant has no prior record. I do think both of those things should be considered. However, I am going to consider them when determining aggravating versus mitigating circumstances. I think that when a person takes a baseball bat and swings it at the head of another person, that person, if ultimately convicted of doing such a thing, should serve time in state prison. This victim suffered extreme injuries and likely could have died. It is fortunate that he did not. If I am remembering correctly, the defendant hit this person to the side of his body first and incapacitated him. The blow to the head was not

---

[2] The Probation Report refers to "Rule 413" but obviously meant rule 4.413, which governs probation eligibility in "unusual cases."

4

necessary. Even if the defendant thought that he was in danger, that last blow to the head was—there is just no excuse for that other than—no excuse for it at all. I can only assume the defendant intended what he did and that was to hit a person in the head with a baseball bat. So I don't think unusual circumstances exists. The difficulty becomes what to do now. The [section] 12022.7 allegation imposes a three-year enhancement on top of a two, three, four case. In looking at the circumstances in aggravation and mitigation, the Probation Department points out that the victim suffered life threatening injuries, and that this case involved great violence. I think I need to consider those things. However, those are also reasons that I am not finding any unusual circumstances here, and I am not granting probation as a result. Circumstances in mitigation are that the defendant has no prior criminal convictions, and he is relatively young. I disagree with the Probation Department's analysis that the fact that the defendant is drinking alcohol gives him some sort of mitigation. The Probation Department believes that when you put the circumstances in mitigation and aggravation against each other, the middle term is the correct term. The prosecution thinks the aggravated term is correct. You know, it is really hard to figure out what exactly is correct, but for someone of this age with no prior record, I think the mitigated term is the right term. That's a two-year term, plus a three-year enhancement for a five-year state prison sentence. I think that's a fair sentence in light of the circumstances, and in fact some might consider it to be a light sentence in light of what the defendant—"

The court then denied defense counsel's request to consider striking the enhancement, stating, "I would not. I think that's a fair disposition to this defendant. And so probation is denied. I will find the circumstances in this case to be a mitigated term. I am sentencing the defendant to state prison for a period of two years, plus the enhancement pursuant to Penal Code Section 12022.7 subdivision (a) of three years. That's a five-year state prison sentence."

This appeal followed.

**DISCUSSION**

Defendant asks us to remand this matter for resentencing on the ground that the trial court's erroneous understanding of its discretionary power resulted in the trial court failing to truly exercise its discretion in determining whether this was an "unusual case" within the meaning of rule 4.413 for which probation might be appropriate.

It is undisputed that defendant was presumptively ineligible for probation pursuant to section 1203, subdivision (e)(2), which provides that: "(e) Except in unusual cases where the interests of justice would best be served if the person is granted probation, probation shall not be granted to any of the following persons: . . . [¶] (2) Any person who used, or attempted to use, a deadly weapon upon a human being in connection with the perpetration of the crime of which he or she has been convicted." As noted above, defendant admitted that he was presumptively ineligible for probation when he pled guilty to the information.

We described the well-established statutory scheme for how courts are to consider whether probation is appropriate in a case such as this one in *People v. Stuart* (2007) 156 Cal.App.4th 165 (*Stuart*). Where, as here, a defendant is presumptively ineligible for probation pursuant to section 1203, "a court determines whether the presumption against probation has been overcome pursuant to rule 4.413, which lists certain criteria relevant to this discussion . . . ." (*Stuart*, *supra*, 156 Cal.App.4th at p. 177.)

Rule 4.413(a) requires that the court "must determine whether the defendant is eligible for probation." If, as is the case here, the defendant "comes under a statutory provision prohibiting probation 'except in unusual cases where the interests of justice would best be served,'. . . the court should apply the criteria in [rule 4.413](c) to evaluate whether the statutory limitation on probation is overcome; and if it is, the court should then apply the criteria in rule 4.414 to decide whether to grant probation." (Rule 4.413(b).)

Rule 4.413(c) states in pertinent part:

"(c) Facts showing unusual case

6

"The following facts may indicate the existence of an unusual case in which probation may be granted if otherwise appropriate: [¶] . . .

"(2) Facts limiting defendant's culpability

"A fact or circumstance not amounting to a defense, but reducing the defendant's culpability for the offense, including: [¶] . . .

"(C) The defendant is youthful or aged, and has no significant record of prior criminal offenses."

As we wrote in *Stuart*, "If a court determines the presumption against probation is overcome, it evaluates whether or not to grant probation pursuant to California Rules of Court, rule 4.414. . . . [¶] Under rule 4.413, the existence of any of the listed facts does not necessarily establish an unusual case; rather, those facts merely '*may* indicate the existence of an unusual case.' (Rule 4.413(c), italics added.) This language indicates the provision 'is permissive, not mandatory.' " (*Stuart*, *supra*, 156 Cal.App.4th at p. 178.)

" 'The standard for reviewing a trial court's finding that a case may or may not be unusual is abuse of discretion.' " (*Stuart*, *supra*, 156 Cal.App.4th at p. 178.) However, "an erroneous understanding by the trial court of its discretionary power does not result in a true exercise of discretion." (*People v. McNiece* (1986) 181 Cal.App.3d 1048, 1058, overruled on other grounds in *People v. Flood* (1998) 18 Cal.4th 470; see also *People v. Bruce G.* (2002) 97 Cal.App.4th 1233, 1247 ["erroneous understanding by the trial court of its discretionary power is not a true exercise of discretion"].)

Defendant is not arguing in this appeal that his "unusual circumstances virtually required probation." He is arguing that the trial court did not understand its discretionary powers in making this decision. We agree.

First, the trial court appeared not to exercise its discretion at all by pronouncing, "I think that when a person takes a baseball bat and swings it at the head of another person, that person, if ultimately convicted of doing such a thing, should serve time in state prison." That is not the law. Defendant pled guilty to assault with a deadly weapon, and was not automatically probation *ineligible* simply for having committed the crime. (*Cf.* § 1203.075 [enumerating certain crimes for which "[n]otwithstanding any other provision

7

of law, probation shall not be granted"].)  In this case, the court was *required* to take into account whether defendant was eligible for probation, even where probation was prohibited except for an "unusual case."  (See rule 4.413(a) ["The court must determine whether the defendant is eligible for probation."].)

Second, the trial court appeared not to consider for these purposes the facts that "may indicate the existence of an unusual case in which probation may be granted if otherwise appropriate," as required by rule 4.413(c).  The probation department (and defendant) relied on the undisputed facts that defendant was youthful and had no prior criminal record.[3]  These are among the types of facts specifically listed in rule 4.413(c)(2)(B) as "a fact or circumstance not amounting to a defense, but reducing the defendant's culpability for the offense," to be considered by the court in determining probation eligibility.  Yet the trial court determined not to consider these two undisputed facts in determining whether defendant was eligible for probation.  The court conceded that "some could consider [defendant] to be young."  Acknowledging that the probation department "want[ed] me to consider" that defendant was young and had no prior record, the court stated:  "*I do think both of those things should be considered.  However, I am going to consider them when determining aggravating versus mitigating circumstances.*" (Emphasis added.)  In other words, the court bypassed entirely its responsibility to consider these factors in determining whether defendant was *eligible* for probation under rule 4.413(c), and jumped ahead to the aggravating and mitigating factors to be considered in sentencing defendant to state prison.  (See rule 4.420 ["Selection of base term of imprisonment"]; rule 4.421 ["Circumstances in aggravation"]; rule 4.423 ["Circumstances in mitigation"].)[4]  This was error.

"The trial judge's discretion in determining whether to grant probation is broad." (*Stuart, supra,* 156 Cal.App.4th at pp. 178-179.)  However, in this case the trial judge did

---

[3] The Attorney General notes that if the defendant's birth date is correctly stated in the probation report, he was 20 at the time of the crime and the sentencing.

[4] Lack of prior criminal record or an insignificant record of criminal conduct are factors that may be considered as circumstances in mitigation.  (Rule 4.423(b).)

not exercise its discretion as required by the statute and the rules of court.  We remand this matter for resentencing.

## DISPOSITION

The sentence is vacated, and the cause is remanded for resentencing consistent with this opinion.

_____
Miller, J.

We concur:

_____
Richman, Acting P.J.

_____
Stewart, J.